IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02835-WJM-KLM

STEVEN MALCOLM,

    Plaintiff,

v.

REYNOLDS POLYMER TECHNOLOGY, INC., a foreign company,

    Defendant,
v.

ACRYLIC TANK MANUFACTURING OF NEVADA, a Nevada corporation,

    Intervenor-Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Unopposed Motion for Issuance of Letters of Request to AFP** [#83][1] (the "Motion").[2] In the Motion [#83], Plaintiff seeks the issuance of letters of request to the appropriate English Court to obtain documents and oral evidence regarding AFP Consulting Engineers Ltd. ("AFP"), a company located in the United Kingdom. *See generally Motion* [#83]. Plaintiff attaches Exhibit A [#83-1] to

---

[1] "[#83]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] Plaintiff represents that Defendant does not oppose the Motion but that Intervenor-Defendant "advised that it intends to submit its own Motion to the Court relating to AFP but did not confirm if the relief sought in this Motion is opposed or not." [#83] at 10. However, on August 21, 2019, Intervenor-Defendant filed a Notice [#96] indicating that it does not oppose Plaintiff's Motion. Accordingly, the Motion is entirely unopposed.

the Motion [#83] which lists the documents to be produced and the topics to be discussed during the oral examination of John Howlett, a former employee of AFP. Although not entirely clear, the Court presumes that Plaintiff intends to attach Exhibit A [#83-1] to the letters of request submitted to the appropriate English Court if the Motion is granted.

The factual background relevant to the present Motion [#83] is as follows. This case concerns a 25,000 gallon, custom-made marine aquarium (the "Aquarium") that collapsed in Plaintiff's home located in Scotland on November 30, 2015. *See Order* [#54] at 1-2. Plaintiff entered into a written agreement with Intervenor-Defendant Acrylic Tank Manufacturing, Inc. ("ATM") on September 6, 2007, whereby ATM agreed to design, build, and install the Aquarium. *Id.* at 1. ATM subsequently contracted with Defendant Reynolds Polymer Technology, Inc. ("Reynolds") to manufacture the Aquarium to ATM's specifications. *Id.* Reynolds manufactured the Aquarium at its factory in Colorado and shipped the Aquarium to Scotland, where it was installed by ATM in 2010 while Plaintiff's home was being constructed. *Id.* at 1-2; *see Motion* [#83] at 1-2. According to the instant Motion, AFP was initially retained by GR3[3] to perform a structural and engineering analysis of the roof-light that was to be installed over the Aquarium. *Motion* [#83] at 3. Evidence obtained through discovery indicates that AFP closely worked with architects, engineers, and other contractors regarding the Aquarium's roof-light and continued its involvement in the project even after GR3 was replaced by a different contractor, High Level Glazing. *Id.* at 3-4.

---

[3] According to Plaintiff, "GR3 was the glazing contractor who designed and installed glazing which surrounded the cover over the Aquarium." *Motion* [#83] at 2.

Given AFP's work regarding the Aquarium's roof-light, Plaintiff seeks an order from the Court that requests assistance from the appropriate English Court to obtain documents and oral evidence from AFP which, according to Plaintiff, are required for this litigation and will be used for trial purposes. *Id.* at 6-7.[4] In sum, Plaintiff seeks to obtain the following documents which it believes AFP has in its possession:

> (1) Drawings and calculations addressing the stresses or loads on the acrylic tank due to the roof-light;
>
> (2) Drawings and calculations addressing the stresses or loads on the acrylic tank due to the glazing surrounding the top of the Aquarium;
>
> (3) Drawings and calculations showing the structural analyses, assessments or determinations or engineering computations (including calculations) addressing the stresses on the acrylic imposed by the Schuco mullion surrounding the top of the Aquarium;
>
> (4) Drawings and calculations showing the structural analyses, assessments or determinations or engineering computations (including calculations) addressing the stresses or loads on the acrylic due to the movement of the brackets over the top of the Aquarium which connected to the Schuco m[u]llion;
>
> (5) Drawings and calculations showing the structural analyses, assessments or determinations or engineering computations (including calculations) addressing the stresses or loads on the acrylic due to the cover placed over the Aquarium;
>
> (6) Email communications between GR3 employees and AFP employees regarding the engineering work by AFP specific to the roof-light of the Aquarium;
>
> (7) Email communications between GR3 employees and AFP employees regarding the engineering work by AFP specific to the

---

[4] The Court notes that Plaintiff specifically requests that the Court grant the Motion by issuing a "Proposed Order." [#83] at 10. However, Plaintiff has not attached a "Proposed Order" to the Motion. The Court presumes that this reference to a "Proposed Order" was mistakenly copied and pasted from the parties' prior Joint Motion for Issuance of Letters of Request [#56]. Accordingly, in granting the instant Motion [#83], the Court issues an Order which substantially conforms to the Proposed Order [#56-6] the parties previously submitted.

bracket/steel ring configuration connected to the Schuco mullion surrounding the top of the Aquarium;

(8) Email communications between GR3 employees and AFP employees regarding the engineering work by AFP specific to the cover over the Aquarium;

(9) Email communications between AFP employees and architect Julian Hunter regarding the engineering work by AFP specific to the bracket/steel ring configuration connected to the Schuco mullion surrounding the top of the Aquarium;

(10) Email communications between AFP employees and Julian Hunter regarding the engineering work by AFP specific to the cover over the Aquarium;

(11) Email communications between AFP employees and employees of ATM regarding the acrylic, loads on the acrylic, stresses on the acrylic, or the engineering work by AFP specific to the roof-light over the Aquarium; and

(12) Email communications between AFP employees and Kenny Byars, who was involved in the logistics of the construction of the home.

*Id.* at 5-6. The specific documents and oral evidence Plaintiff seeks are described in detail within Exhibit A [#83-1].

A letter of request is simply a request by a "domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (quotations and citation omitted). "United States courts have inherent authority to issue letters of request to foreign tribunals." *In re Urethane Antitrust Litigation*, 267 F .R.D. 361, 364 (D. Kan. 2010). The Hague Convention on the Taking of Evidence Abroad in Civil Commercial Matters (the "Hague Convention"), of which both the United States and England are signatories, provides the mechanism by which evidence is obtained abroad through the issuance of a letter of request. *See* 23 U.S.T. 255; 28 U.S.C. § 1781 (permitting "the transmittal of a letter rogatory or request directly

from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner" and reprinting the Hague Convention); *see also In re Urethane*, 267 F.R.D. at 364; Fed. R. Civ. P. 28(b)(1)(A)-(B) ("A deposition may be taken in a foreign country under an applicable treaty or convention [or] under a letter of request."). "When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained." *Barnes & Noble, Inc. v. LSI Corp.*, No. C 11-02709 EMC LB, 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012); *see also In re Urethane*, 267 F.R.D. at 364 (D. Kan. 2010) (noting that a party seeking foreign assistance under the Hague Convention need not show that the evidence sought will actually be attained.).

In this case, the parties previously sought letters of request on December 26, 2018, similarly for evidence in the possession of AFP and other entities and individuals located in the United Kingdom. *Joint Motion for Issuance of Letters of Request* [#56]. The Court granted the parties' request on January 7, 2019, finding good cause pursuant to Fed. R. Civ. P. 28(b) and 28 U.S.C. § 1781(b)(2). *Order* [#59]. However, according to Plaintiff, after these letters of request were submitted to the English Courts, "it was requested that separate letters of request be filed for each entity and further explanation be provided as to why it is believed certain documents exist and why certain topics of trial testimony are necessary." *Motion* [#83] at 7. In an apparent effort to address this deficiency, Plaintiff files the instant Motion only with respect to AFP and its former employee, and provides more detailed descriptions of the evidence being sought in Exhibit A [#83-1].

Given that the Court previously granted the parties' request for assistance from the English Courts to obtain evidence from AFP, given that Plaintiff has provided more detailed descriptions of the evidence being sought, and given that no party opposes Plaintiff's request, the Court is inclined to grant the Motion [#83] for the reasons stated in the Court's January 7, 2019 Order [#59]. First, no party contests Plaintiff's assertion that the letters of request are necessary to obtain documents and oral evidence from AFP, a foreign non-party. *Motion* [#83] at 7. Further, it is undisputed that AFP is located in the United Kingdom and possesses documents and knowledge that are necessary for trial. *Id.* The evidence sought from AFP pertains to the design and installation of the Aquarium's roof-light which Plaintiff states is relevant to the defenses that: "(1) the glazing and/or Schuco mullion placed stresses on the acrylic which caused or contributed to the acrylic failing, and (2) the steel ring/bracket configuration placed stresses on the acrylic during movement of the home which caused or contributed to the acrylic failing[.]" *Id.* at 6. Finally, as the Court previously noted, "'[r]esort to using the procedures of the Hague Convention is particularly appropriate when, as here, a litigant seeks to depose a foreign non-party who is not subject to the court's jurisdiction.'" *Order* [#59] at 4 (quoting *In re Urethane*, 267 F.R.D. at 364 (D. Kan. 2010)). For the foregoing reasons, the Court finds good cause to grant Plaintiff's renewed request pursuant to Fed. R. Civ. P. 28(b) and 28 U.S.C. § 1781(b)(2). Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#83] is **GRANTED**.

IT IS FURTHER **ORDERED** that:

1. The United States District Court for the District of Colorado respectfully requests the assistance of the English Courts in obtaining the trial evidence sought from AFP Consulting Engineers LTD, as specified in Exhibit A [#83-1].

2. The documents and evidence identified in Exhibit A [#83-1] are necessary for the purposes of justice and for the due determination of the matters in dispute between the parties.

3. It is necessary for the purposes of justice and for the due determination of the matters in dispute between the parties that the English Courts cause John Howlett, a former employee of AFP Consulting Engineers LTD who is believed to be a resident within your jurisdiction, to be examined for purposes of recording and preserving his testimony, and produce documents for trial to the extent permitted.

4. The United States District Court for the District of Colorado respectfully requests the English Courts make orders for the recovery of the particular documents specified and for the oral examination of John Howlett on the topics specified in Exhibit A [#83-1] according to your usual and proper processes.

Dated: August 22, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge