IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02835-WJM-KLM

STEVEN MALCOLM,

    Plaintiff,

v.

REYNOLDS POLYMER TECHNOLOGY, INC., a foreign company,

    Defendant,
v.

ACRYLIC TANK MANUFACTURING OF NEVADA, a Nevada corporation,

    Intervenor-Defendant.
_____

**ORDER**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Issuance of Letters of Request** [#70][1] (the "Motion"). Intervenor-Defendant Acrylic Tank Manufacturing of Nevada ("ATM") filed a Response [#85] in opposition to the Motion, to which Defendant Reynolds Polymer Technology, Inc. ("Reynolds") joins.[2] *Def.'s Joinder* [#86]. Subsequently, Plaintiff filed a Reply [#93]. In the Motion, Plaintiff seeks the issuance of letters of request to the appropriate Scottish Court to obtain documents from HT Systems

---

[1] "[#70]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] Although Defendant Reynolds did not oppose Plaintiff's Motion [#70] initially, Reynolds advises the Court that it has changed its position and now opposes the Motion based on the arguments raised in ATM's Response [#85]. *See Def.'s Joinder* [#86].

(UK) Ltd. ("HT Systems"), a company located in Scotland. *See generally Motion* [#70]. Plaintiff attaches Exhibit A [#70-1] to the Motion which lists the documents to be produced. Plaintiff further provides the Court with a Proposed Order [#70-2] to be entered if the Motion is granted. The Court has reviewed the Motion, the Response, the Reply, the attachments thereto, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#70] is **GRANTED**.

**I. Background**

The factual background relevant to the Motion [#70] is as follows. This case concerns a 25,000 gallon, custom-made marine aquarium (the "Aquarium") that collapsed in Plaintiff's home located in Scotland on November 30, 2015. *See Order* [#54] at 1-2. Plaintiff entered into a written agreement with Intervenor-Defendant ATM on September 6, 2007, whereby ATM agreed to design, build, and install the Aquarium. *Id.* at 1. ATM subsequently contracted with Defendant Reynolds to manufacture the Aquarium to ATM's specifications. *Id.*

According to the instant Motion, Plaintiff hired HT Systems to repair the damage to Plaintiff's home after the Aquarium collapsed. [#70] at 2. HT Systems is owned by William Fraser ("Fraser"), who Plaintiff has designated as a non-retained expert in this case to "to testify on his opinions as to the necessity of repairs and the reasonableness of the cost of repair." *Id.* On May 15, 2019, Defendant Reynolds and Intervenor-Defendant ATM (collectively, "Defendants") deposed Mr. Fraser, who appeared voluntarily, in Glasgow, Scotland. *Id.* Pursuant to Defendants' Deposition Notice [#93-1] (the "Notice"), Mr. Frasier was "required to bring any documents related to [Plaintiff's] residence not previously produced to counsel or disclosed in this matter." *Joint Notice of*

*Videotaped Deposition of William Fraser* [#93-1] at 2. During the deposition, Mr. Fraser produced HT Systems' invoices for the repair work to Plaintiff's home. *Motion* [#70] at 2. However, it was revealed during the deposition that Mr. Frasier had also hired sub-contractors to do certain repair work on the home and that he was unable to produce those invoices from the sub-contractors. *Id.*

In the Motion, Plaintiff states that "[i]t does not appear that Mr. Fraser will voluntarily produce the sub-contractor invoices[.]" *Id.* For this reason, Plaintiff seeks an order from the Court that requests assistance from the appropriate Scottish Court to obtain documents from HT Systems. *Id.* Specifically, as set forth in Exhibit A [#70-1], Plaintiff seeks the following documents from HT Systems:

1. All documents relating to invoices or other costs incurred for the repair to the home of Mr. Steven Malcolm located at 8, The Queens Crescent, Gleneagles (the "Home") in December 2015 – 2018.

2. All invoices obtained from sub-contractors HTS worked with for the building reinstatement of Mr. Steven Malcolm located at 8, The Queens Crescent, Gleneagles (the "Home") in December 2015 – 2018.

3. All record of payment from HTS to a sub-contractor showing the sub-contractor invoices were paid by HTS.

*Pl.'s Ex. A, Request for Documents from HT Systems (UK) Ltd.* [#70-1] at 2. According to Plaintiff, the above documents are required for this litigation and will be used for trial purposes. *Motion* [#70] at 2.

In opposition, Defendants argue that Plaintiff's Motion [#70] should be denied for the following three reasons.

First, Defendants assert that the Motion [#70] is "untimely and requests documents that were not contemplated when the parties agreed to extend discovery deadlines."

- 3 -

*Response* [#85] at 2. Defendants note that, on May 17, 2019, the parties filed their Joint Motion for 45-Day Extension of Discovery Deadlines [#66] (the "Joint Motion") seeking to extend the discovery deadline in this case in order to obtain testimony of GR3 and AFP and their representatives in London, England "and to evaluate the need for additional discovery following the trial testimony." *Id.* at 2; *Joint Motion for 45-Day Extension of Discovery Deadlines* [#66] at 2. The Court granted the parties' Joint Motion [#66] on May 20, 2019, extending the fact and expert discovery cut-off until July 1, 2019. *Minute Order* [#68]. Approximately a month later, Plaintiff filed the instant Motion [#70] on June 13, 2019. According to Defendants, the Joint Motion [#66] "did not contemplate any additional time to conduct discovery regarding either Plaintiff's non-retained expert William Fraser or his company, [HT Systems], and certainly did not request a time frame outside of July 1, 2019 to do so." *Response* [#85] at 3. In light of this, Defendants argue that Plaintiff should have moved to (or indicated his intention to) obtain the documents from HT Systems in the Joint Motion [#66] and that it is untimely for Plaintiff to do so now. *Id.* at 3.

Second, Defendants argue that the Motion should be denied because Plaintiff has failed to show why Mr. Fraser, Plaintiff's own non-retained expert, is unable to provide the documents at issue without Court intervention. *Response* [#85] at 3. Defendants allege the following in support of this argument:

> During his deposition, Mr. Fraser testified that he had not provided the invoices to anyone, despite being asked for them, because of a "lack of time" and because the documents were extensive. This obviously does not excuse him from providing them. Interestingly, during his deposition, Mr. Fraser also testified that he had met with Plaintiff's counsel the day prior to the deposition, during which time he apparently reviewed "his own documents" with Plaintiff's counsel. Mr. Fraser confirmed at his

> deposition that Plaintiff's counsel did not represent him, but it appears
> that the documents were available, but for some reason not produced at
> the time of his UK deposition.

*Response* [#85] at 3. Based on the foregoing, Defendants assert that "[a]lthough it is unclear why Mr. Fraser will not provide the invoices, . . . the reasoning is irrelevant [given that] Mr. Fraser is not cooperative, to the detriment of [Defendants]." *Id.* at 4.

Third, Defendants argue that if Plaintiff's Motion [#70] is granted, Defendants will be prejudiced given that they have already deposed Mr. Fraser, at great expense, without having the benefit of reviewing the invoices beforehand. *Id.* at 4. In other words, Defendants argue that, if the invoices at issue are obtained, they will be "prejudiced by their late disclosure, as [Defendants] could not use them when they were most valuable: at the time of Mr. Fraser's deposition." *Response* [#85] at 4 (noting that "[a] second deposition of Mr. Fraser in the UK might also be required.").

## II. Legal Standard

A letter of request is simply a request by a "domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (quotations and citation omitted). "United States courts have inherent authority to issue letters of request to foreign tribunals." *In re Urethane Antitrust Litigation*, 267 F .R.D. 361, 364 (D. Kan. 2010). The Hague Convention on the Taking of Evidence Abroad in Civil Commercial Matters (the "Hague Convention"), of which both the United States and England are signatories, provides the mechanism by which evidence is obtained abroad through the issuance of a letter of request. *See* 23 U.S.T. 255; 28 U.S.C. § 1781 (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or

agency to whom it is addressed and its return in the same manner" and reprinting the Hague Convention); *see also In re Urethane*, 267 F.R.D. at 364; Fed. R. Civ. P. 28(b)(1)(A)-(B) ("A deposition may be taken in a foreign country under an applicable treaty or convention [or] under a letter of request."). "When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained." *Barnes & Noble, Inc. v. LSI Corp.*, No. C 11-02709 EMC LB, 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012); *see also In re Urethane*, 267 F.R.D. at 364 (D. Kan. 2010) (noting that a party seeking foreign assistance under the Hague Convention need not show that the evidence sought will actually be attained.). Finally, where a motion for letters of request is opposed, the opposing party "must demonstrate [ ] good cause or good reason why a letter request should not issue." *United States v. Badger*, No. 2:10-cv-00935, 2013 WL 1309165, at *7 (D. Utah Mar. 31, 2013) (citing *B & L Drilling Electronics v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978) ("[T]here must be some good reason for the Court to deny a party the judicial assistance requested by means of a letter rogatory. Ordinarily on a motion for the issuance of a letter rogatory, the Court will not weigh the evidence that is to be adduced by deposition and will not attempt to predict, whether, in fact, the witnesses will be able to give the testimony which is sought.")).

## IV. Analysis

In light of the above, and after reviewing the parties' briefing on the Motion [#70], the Court finds that Defendants have failed to show good cause for why Plaintiff's letters of request should not issue.

With respect to Defendants' timeliness concerns, this issue is now moot given that on July 3, 2019, after the Motion was filed, the Court granted the parties' joint request to further extend the discovery deadline in this case and reset the Final Pretrial Conference to December 5, 2019. *See Minute Order* [#88]. In doing so, the Court extended the fact and expert discovery cut-off until October 29, 2019, "for the limited purpose and scope of completing international testimony and evidence[,]" which clearly encompasses Plaintiff's effort to obtain documents from HT Systems in Scotland. *Id.* at 1.

As to Defendants' second contention regarding Mr. Fraser's unwillingness to provide the sub-contractor invoices himself, the Court notes that Defendants' Notice [#93-1] was dated May 7, 2019, five business days prior to Mr. Fraser's May 15, 2019 deposition, and broadly sought from Mr. Fraser "any documents related to [Plaintiff's] residence not previously produced to counsel or disclosed in this matter." [#93-1] at 2. Plaintiff argues that Defendant's request did not comply with the Federal Rules of Civil Procedure given that Mr. Fraser is a non-party located in Scotland and is unrepresented by counsel, and given that "the only means of obtaining documents from a witness residing in Scotland is by way of Letters of Request." *Reply* [#93] at 3-4. Plaintiff's argument appears to have some merit given the vague scope of Defendants' document request, the time at which it was served, and given the fact that, generally speaking, "28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country." Fed. R. Civ. P. 45(b)(3). However, in light of the fact that Plaintiff cites no legal authority for this contention and Defendants have not had an opportunity to respond to this particular argument, the Court does not address the issue here.

Rather, the Court finds Defendants' contention, that Mr. Fraser should willingly provide these documents without letters of request simply because he is a non-retained expert, plainly refuted by the fact that Plaintiff has filed the instant Motion [#70]. It is clear that neither Plaintiff nor Defendants have been able to obtain these documents despite their best efforts. Moreover, Plaintiff represents that he has made attempts to obtain the sub-contractor invoices from Mr. Fraser following his deposition, but that Mr. Fraser is "no longer responding to Plaintiff's counsel's ongoing requests that he produce the entirety of his file[.]" *Reply* [#93] at 3-4. Thus, letters of request directed toward HT Systems, Mr. Fraser's company, appear to be an eminently reasonable means of obtaining documents that all parties appear to agree are necessary for this litigation.

Regarding Defendants' third argument, the Court finds that any potential prejudice to Defendants may be avoided if Defendants are provided an opportunity to re-depose Mr. Fraser or examine Mr. Fraser at trial. Plaintiff raises no disagreement with Defendants' statement that, if documents are obtained from HT Systems, "[a] second deposition of Mr. Fraser in the UK might also be required." *Response* [#85] at 4; *see generally Reply* [#93]. Moreover, although Mr. Fraser has apparently been unresponsive to Plaintiff's counsel regarding the request for documents, he did indicate during his deposition that he would be willing to travel to the United States to testify at trial. *Pl.'s Ex. B, Dep. of William Fraser* [#93-2] at 102:10-11. Accordingly, to the extent that the appropriate Scottish Court compels production of the documents listed in Exhibit A and HT Systems provides said documents, the Court grants Defendants the opportunity to re-depose Mr. Fraser for not more than two hours.

Finally, as to the merits of Plaintiff's Motion, Defendants do not contest Plaintiff's assertion that the letters of request are necessary to obtain the documents listed in Exhibit A from HT Systems, a foreign non-party. *Motion* [#70] at 2; *see generally Response* [#85]. Further, it is undisputed that HT Systems is located in Scotland and possesses these documents which are necessary for trial. *See generally Response* [#85]. Given that the invoices sought speak to the cost of repairs to Plaintiff's home following the Aquarium's collapse, they appear relevant to claims and defenses in this case pursuant to Fed. R. Civ. P. 26(b). Accordingly, the Court finds good cause to grant Plaintiff's request pursuant to Fed. R. Civ. P. 28(b) and 28 U.S.C. § 1781(b)(2).

IT IS HEREBY **ORDERED** that the Motion [#70] is **GRANTED**.

IT IS FURTHER **ORDERED** that:

1. The United States District Court for the District of Colorado respectfully requests the assistance of the Court of Session, Scotland in obtaining the trial evidence sought from HT Systems (UK) Ltd, a company registered in Scotland with company number SC199388 having its registered office at 53 High Street, Dumbarton, Glasgow, G82 1LS doing business in Scotland, as specified in Exhibit A [#70-1].

2. The documents identified in Exhibit A [#70-1] are necessary for the purposes of justice and for the due determination of the matters in dispute between the parties.

3. It is necessary for the purposes of justice and for the due determination of the matters in dispute between the parties that the Court of Session, Scotland cause the following business entity, which is a company within the Scottish jurisdiction, to produce documents for trial. The name and registered office of the company is as follows:

HT Systems (UK) Ltd
53 High Street
Dumbarton
Glasgow
G82 1LS

The company also trades as HTS and has a place of business at 68 Whirlow Road, Ballieston, Glasgow, G69 6QE.

4. The United States District Court for the District of Colorado respectfully requests the Court of Session, Scotland make an order for the recovery of the particular documents in Exhibit A [#70-1] according to your usual and proper processes.

IT IS FURTHER **ORDERED** that, to the extent that documents listed in Exhibit A [#70-1] are produced by HT Systems, Defendants may **re-depose Mr. Fraser for no more than two hours**.

Dated: August 23, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge